IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY KOHLMAN, ) | Case No. 12-22461 |
| ) | |
| Debtor. ) | |
| ) | |

### NOTICE OF OBJECTION TO TRUSTEE'S FINAL REPORT AND REQUEST FOR HEARING

PLEASE TAKE NOTICE that on **March 26, 2013 at 9:30 a.m.**, we shall appear before the Hon. Jack B. Schmetterer in Courtroom 682, of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other judge who may be sitting in his stead and then and there shall present the attached Objection to Trustee's Final Report and Request for Hearing, a copy of which is attached hereto and hereby served upon you.

Dated: March 15, 2013

Respectfully Submitted,

/s/ William S. Wigoda
William S. Wigoda
Attorney for Jakubs • Wigoda, LLP

William S. Wigoda
JAKUBS • WIGODA, LLP
29 South LaSalle Street, Suite 620
Chicago, Illinois 60603
Telephone: (312) 214-4200
Facsimile: (312) 214-4210
wwigoda@jakubs-wigoda-law.com

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE:                          )
                                )
GARY KOHLMAN,                   )    Case No. 12-22461
                                )
            Debtor.             )
                                )
_____ )

### OBJECTION TO TRUSTEE'S FINAL REPORT
### AND REQUEST FOR HEARING

NOW COMES, the Creditor, JAKUBS • WIGODA, LLP, herewith objects to the Trustee's Final Report and Application for Compensation and states as follows:

### Parties and Factual Background

1.  On June 1, 2012, GARY KOHLMAN, (hereafter the "Debtor") filed his Voluntary Petition for Chapter 7 Bankruptcy.

2.  On November 8, 2011, JAKUBS • WIGODA, LLP (hereafter the "Creditor") obtained a Judgment in the amount of $31,026.94 against Debtor related to Debtor's unpaid attorneys fees and costs.

3.  On November 10, 2011, the Creditor recorded its judgment against Debtor and this judgment attached as a lien on the Creditor's real property located at 14727 Central Park, Midlothian, Illinois (hereafter "Real Property").

4.  Although the Creditor is a secured creditor, it filed its Proof of Claim of the amount owed by Debtor of $30,726.94.

5.  On February 26, 2013, David P. Leibowitz the Trustee (hereafter "Trustee") served his Notice of Trustee's Final Report and Application for Compensation and Deadline to Object.

## Request to Administer Real Property

6. The Trustee's Final Report reflects an estimated net value[1] of Debtor's Real Property of $16,714.29. The Creditor's lien of $31,026.94 and the Sun Trust Mortgage of $54,265.19 both were deducted from the estimated net value the Real Property; however, this value does not match the amount of the secured claim set forth on Debtor's Schedule A, which listed the amount of secured claim to be $86,285.71. These figures reflect a $993.58 differential.

7. If the Creditor's lien of $31,026.94 is added back the Debtor's Estimated Net Value for his Real Property the net value becomes $47,741.23.

8. After an attorney for the Creditor contacted the Trustee and requested that Debtor's Real Property be administered, the Trustee informed the Creditor that his estimated value for Debtor's Real Property was $100,000.00 and not the actual value claimed by Debtor in his Bankruptcy Petition or $118,000.00. The Trustee did not provide a basis for his reduced estimated value on the Real Property. However, if the Real Property is worth $118,000.00 or $100,000.00 there remains significant equity in the Debtor's Real Property which can be used to pay the Creditor's claim.

9. Pursuant to 11 USC §704 a Trustee shall, *inter alia*:

> (1) Collect and reduce to money the property of the estate for which such trustee serves and close such estate as expeditiously as is compatible with the best interests of parties in interest;

> \* \* \* \* \*

> (6) if advisable, oppose the discharge of the debtor.

---

[1] Estimated Net Value is calculated by taking the value of the real property determined by the Trustee, less liens, exemptions and other costs.

2

10. The Trustee should administer the Real Property located at 14727 Central Park, Midlothian, Illinois, because there is approximately $47,741.23 in equity in the Debtor's real property that can be used to pay Creditor's claim. Such action is in the best interests of the Estate and the Trustee should do same pursuant to 11 USC §704.

### Request to Administer 2007 Ford F-150

11. The Trustee's Final Report the Trustee states that Debtor's Estimated Net Value of his 2007 Ford F-150 Truck is listed as $5,466.08. This figure provides the Debtor credit for the exemptions claimed in his Bankruptcy Petition and the Harris Bank automobile lien.

12. The Trustee should administer the Debtor's 2007 Ford F-150 Truck, because there is approximately $5,466.08 in non-exempt equity in the Debtor's Truck that can be used to pay the Creditor's claim. Such action is in the best interests of the Estate and the Trustee should to do same pursuant to 11 USC §704.

### Relief Requested

13. On March 8, 2013, the Trustee notified the Creditor that he will not administer the aforesaid real property and truck and that the Creditor's lien is preserved should the Creditor wish to foreclose upon it.

14. The Trustee's Final Report does not state that Creditor's lien is preserved.

15. The Creditor's claim of $30,726.94 is addressed on page eight of the Trustee's Final Report and the Trustee has recommended that the Creditor receive only $1,123.37 as and for the entirety of the Creditor's claim.

3

16. Based upon the values contained in the Trustee's Final Report, the Debtor has approximately $53,207.31[2] in net assets that can be used to pay the Creditor's claim.

17. The Trustee is mandated pursuant to 11 USC §704, that if advisable, to oppose discharge of the Debtor. In this case the Creditor will receive only $1,123.37 for their claim of $30,726.94.

18. The Creditor will lose $29,603.57 of its claim if the Trustee does not administer the Debtor's Real Property and the Debtor's 2007 F-150 Truck. Furthermore, the Creditor's lien does not extend to Debtor's Truck and if this property is not administered the Creditor would lose a percentage of the proceeds from the sale of same.

19. The Creditor has informed the Trustee that they may be willing to pay the automobile lien and reimburse the Debtor the value of his exemptions and take possession of the 2007 F-150 Truck for an offset against its claim. This request was made in writing on March 8, 2013 and the Trustee never responded to the Creditor's request.

---

[2] After adding back the value of the Creditor's judgment lien to the value of the Real Property.

4

## Request for Relief

WHEREFORE, the Creditor, Jakubs • Wigoda, LLP, respectfully requests that this Court enter an Order denying the entry of Trustee's Final Report and Application for Compensation and to direct the Trustee to administer Debtor's real property and 2007 F-150 Truck and granting all other appropriate relief in the premises.

Respectfully Submitted,

/s/ William S. Wigoda
William S. Wigoda
Attorney for Jakubs • Wigoda, LLP

William S. Wigoda
JAKUBS • WIGODA, LLP
29 South LaSalle Street, Suite 620
Chicago, Illinois 60603
Telephone: (312) 214-4200
Facsimile: (312) 214-4210
wwigoda@jakubs-wigoda-law.com

5